UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, SYLVIA MATHEWS BURWELL Secretary of the United States Department of Health and Human Services, and CENTERS FOR MEDICARE AND MEDICAID SERVICES Through acting administrator, Andy Slavitt, | ) ) ) ) ) ) ) ) | No. 1:16-cv-00317-LJM-TAB No. 1:16-cv-00583-LJM-TAB |
| Appellants, | ) ) | |
| vs. | ) ) | |
| NIGHTINGALE HOME HEALTHCARE, INC., | ) ) ) | |
| Appellee. | ) | |

## ORDER

These actions are before the Court on appeal from rulings in the Bankruptcy Court in favor of Nightingale Home Healthcare, Inc.

On February 4, 2016, Home Care Providers, Inc., Nightingale Home Health Care, Inc. ("Appellee"), Nightingale Hospice Care, Inc. ("Hospice"), and Dev A. Bar (all of these entities and the individual, collectively, "Plaintiffs") filed a Complaint with this Court. *See Home Health Care Providers, Inc. v. Hemmelgarn*, 1:16-cv-00303-LJM-TAB ("Civil Case"). The Complaint sought damages and an injunction against the state and federal governmental regulators of the Medicare health care provider industry. Plaintiffs, a home health care company, a hospice agency, and their owner, contended that they were victims of harassment and retaliation based upon race, ethnicity and/or national origin at the hands of the governmental agencies and specified employees ("Civil Defendants").

Plaintiffs further alleged that the described harassment forced them to seek bankruptcy protection which they received in the form of a temporary injunction against further action including termination of their contract with Medicare.

The Civil Defendants all have a role in the Medicare program which reimburses health providers for the provision of services to Medicare qualified individuals. Under the program, in order to be eligible for reimbursement from the government, the providers must agree to and be in compliance with statutory and regulatory conditions and sign a provider agreement reflecting their obligation to the patients and to the program.

The governmental agencies then combine to survey the providers to ensure that the clearly delineated provisions of the agreement are being met. The history provided in the Complaint shows that surveys were performed finding both Appellee and Hospice out of compliance. Plaintiffs complained that these findings were the result of deliberate harassment, unlawful search and seizure and contained false accusations.

This Court issued its opinion denying the request for an injunction and dismissing the complaint for lack of jurisdiction. See Civil Case, 1:16-cv-00303-LJM-TAB, Dkt. No. 42. The Court held that:

> The Court agrees with the Secretary and the State Defendants that the relief sought by Plaintiffs in this case must be subject to exhaustion under § 405(h). In the first instance, Plaintiffs cannot and do not deny that the relief they seek is to change the review procedure used for their facilities. It is clear that this review and oversight process is set forth in the Act and regulations promulgated by the Secretary under the Act and even provides for instances in which the Secretary may use a service other than CMS and a state agency. See 42 U.S.C. §§ 1395x(m), 1395x(o), 1395bbb, 1395aa(a), 1395bb, 1395aa(c), & 1395cc(b); 42 C.F.R. §§ 488.6, 488.7, 488.8, 488.10, 488.11, 488.12, 488.20, 498.3, 498.40, 498.80 & 498.90. In a case that challenges the procedures undertaken by the Secretary with respect to regulation of a Medicare provider, 42 U.S.C. § 1395ii channels all claims arising under the Act to an administrative process exclusively: "No findings of fact or decision of the [Secretary] shall be reviewed by any

2

person, tribunal or governmental agency except as herein provided;" and "[n]o action against [the Secretary] shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). That Plaintiffs have claimed that their Constitutional rights have been violated does not change the analysis because the Secretary has the authority to review such a challenge. *Accord Ill. Council*, 529 U.S. at 13-14 (concluding that a certain nursing homes' challenge to provisions of the Medicare Act as unconstitutional are subject to the administrative procedure in § 405(h); *Salfi*, 422 U.S. at 761 (concluding that allegations of due process and equal protection violations in the Social Security context could not proceed under § 1331); *Ringer*, 466 U.S. at 614-15, 621-22 (concluding that § 405(h) applies where "both the standing and the substantive basis for the presentation" of the claim is the Medicare Act). Moreover, the relief Plaintiffs seek in the Complaint is withdrawal of several surveys that formed the basis for termination of their status. As such, their claims must first be addressed through the administrative process.

*Id.* at 10-11.

Having concluded that a District Court does not have jurisdiction of the underlying administrative action until the administrative remedies were exhausted, the Court turns here to whether a bankruptcy court can grant relief before the administrative remedies are exhausted. The Eleventh Circuit has concluded that it cannot. *In re Bayou Shores SNF, LLC*, No. 15-13731, 2016 WL 3675462 (11th Cir. July 11, 2016). In that case the plaintiff-provider sought a preliminary injunction in the District Court to prevent the termination of the provider agreement much like the case at bar. The District Court denied the relief for the same reason that this Court denied relief. The plaintiff-provider immediately thereafter filed for the same relief in the Bankruptcy Court. The *Bayou Shores* Bankruptcy Court, as it did here, granted the relief and issued the preliminary injunction on the plaintiff-provider's behalf.

In *Bayou Shores*, as in the instant case, the governmental parties appealed, although after the plan or reorganization was approved and the preliminary injunction was dissolved by the Bankruptcy Court. On appeal from the Bankruptcy Court, the District

3

Court held that the Bankruptcy Court did not have jurisdiction to issue an injunction for the same reason that the District Court did not: administrative remedies had not been exhausted at the time of the injunction request.

While the timing of the bankruptcy in the cases in this Court predates the District Court filing, *Bayou Shores* is otherwise identical. The Eleventh Circuit in *Bayou Shores* clearly held that the Bankruptcy Court had no jurisdiction to issue an injunction or to adjudicate any issues in the matter because administrative remedies had not been exhausted. The Eleventh Circuit opinion is exhaustively researched and compelling. It addresses legislative history and time honored principles of statutory interpretation which do not require repetition herein. While the Seventh Circuit has not specifically addressed the same question that is before this Court, it has recognized the exclusivity of the review provisions of the Medicare Act. *See Biometric Health Servs., Inc. v. Aetna Life & Cas.*, 903 F.2d 480 (1998).

The Court notes that the bankruptcy judge herein did not have the *Bayou Shores* opinion for review because it was decided after the decision now on appeal.

For the reasons outlined in the *Bayou Shores* opinion, in a case substantially the same as the one before this Court, the Court now **REVERSES** the opinion of the Bankruptcy Court because it erred as a matter of law in taking jurisdiction of the injunction request.

Further, the Court today also denies Appellee's request that this Court dismiss the pending appeal on the basis of mootness. As argued by Appellants, and as recognized in the *Bayou Shores* case, which addressed the same mootness issue, the dispute between the parties is not moot. The holding today allows Appellants to attempt to

recover payments made to Appellee while the Bankruptcy Court's injunction was in effect.

Thus, there is still a controversy.

Judgment in favor of Appellants shall issue accordingly.

IT IS SO ORDERED this 16th day of September, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Wendy D. Brewer
JEFFERSON & BREWER, LLC
wbrewer@jensenbrewer.com

James P. Walsh
Office of the United States Attorney
james.walsh@hhs.gov

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov